# West Virginia Land Co., *et al. v.* May.

## *New Trial.*

(Decided April 21, 1910.   52 South. 315.)

*New Trial; Newly Discovered Evidence; Cumulative Evidence.*—In an action for injury from the collapse of a platform, where the only evidence of neglignce in the construction of the platform consisted in its falling when, and as it did, without its having on it at the time the full complement of people it was designed to accommodate, evidence was not cumulative, when offered as newly discovered evidence in support of a motion for new trial which tended to show that the platform was not braced, and was not properly constructed in the opinion of a witness experienced in such matters which evidence was not used on the original trial.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

E. L. May sued the West Virginia Land Company and others for damages for injuries received by a platform

[City of North Birmingham v. State ex rel. Sparks, et al.]

falling. There was judgment for the defendant and on a motion setting up newly discovered evidence, a new trial was granted the plaintiff, and the defendants appeal from the order granting a. new trial. Affirmed.

STEINER, CRUM & WEIL, for appellant. Counsel insist that the evidence was cumulative merely, that it was not shown that plaintiff was upon the platform by invitation of the appellants, and that the doctrine of independent contractor applied.—*Massey v. Oates,* 143 Ala. 248; *Chattahoochie, etc. R. R. Co. v. Behrman,* 136 Ala. 508.

W. F. THETFORD, JR., for appellee. Counsel insist that the court had power to set aside the judgment and grant new trial upon the newly discovered testimony, and that the evidence was not cumulative merely. Counsel also discuss the merits of the controversy, and cite authorities in support of his contention of the duty owing by the defendants to the plaintiff.

McCLELLAN, J.—This appeal is from an order setting aside a verdict for defendant (appellant) and awarding a new trial to plaintiff (appellee). The plaintiff was injured by the falling of a platform erected in connection with the public unveiling of a monument, which service seems to have found its motive in a desire to promote the sale of lots in a suburb of the city of Montgomery. The plaintiff was in attendance and upon the platform.

Generally speaking, the negligence to which plaintiff ascribes, for proximate cause, his injury, consisted in the failure to provide a reasonably safe structure for the purpose indicated in its erection and intended use. One of the defenses, in theory, was that the structure

[West Virginia Land Co., et al. v. May.]

was the result of an independent contractor, properly chosen. The plea attempting to assert this defense was stricken in response to demurrer. This fact is mentioned because of the argument for appellant, whereby it is in effect insisted that the court erred in sustaining demurrer to the plea invoking the defense indicated. That asserted error of the court could not have been, and was not, a ground of plaintiff's motion for a new trial, which the court granted. The question is not in the case presented here. We therefore express no opinion in that connection.

Among other grounds of the motion for new trial was that of newly discovered material evidence. In our opinion, this ground of the motion justified the court in granting the new trial. It was shown by the affidavit of plaintiff, and so without dispute, that his failure to earlier discover the evidence in question was not due to his want of diligence.

The only other argument on this phase of the case is that the newly discovered evidence was cumulative. According to the bill of exceptions, the plaintiff offered evidence of specific deficiency or deficiencies in the construction of the platform. His evidence of want of proper care in the construction of the platform consisted, in substance, in its falling when and as it did, without there being upon it the full complement of people it was designed to accommodate. The newly discovered evidence would tend to show that the platform was not securely braced, that its supports had no braces at all, and that it was not properly constructed; also it appears, from the affidavit of the party who would testify as stated, that he was experienced to a degree in such matters.

We must, therefore, decline to disturb the order granting the new trial.

9—166

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.